UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN KING MEYER,

   Plaintiff,

v.

JOSEPH NATOLE, *et al.*,

   Defendants.

             /

Case No. 1:14-cv-536

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

   This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the Court on defendant Gregory Flentje, M.D., Ph.D.'s Motion to set aside default (docket no. 166) and plaintiff's first and second motions for default judgment against defendant Flentje (docket nos. 42 and 169).

   **I.**  **Background**

   Plaintiff, a prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a 65-count complaint against defendants regarding his medical treatment while at the Allegan County Jail. Compl. (docket no. 1, PageID.59). Defendant Dr. Flentje executed a waiver of service on August 28, 2014. Waiver (docket no. 14). However, on October 14, 2014, the Clerk entered a default against the doctor because he failed to file an answer or otherwise defend. *See* Entry of Default (docket no. 25). Plaintiff moved for default judgment in November 2014. Several months later, in September 2015, Dr. Flentje moved to set aside the entry of the default and plaintiff filed a second motion for default judgment.

### II. Defendant Dr. Flentje's motion to set aside the default

#### A. Legal standard

Defendant Dr. Flentje seeks relief under Fed. R. Civ. P. 55(c), which provides that "[t]he court may set aside an entry of default for good cause."

> The district court enjoys considerable latitude under the good cause shown standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether good cause has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward.

*O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (internal quotation marks, brackets, citations and footnote omitted).

#### B. Discussion

##### 1. The default was not willful

First, Dr. Flentje submitted an affidavit to demonstrate that his failure to file an answer was not willful, stating in pertinent part:

> 1. Until approximately May 2015, four hours per month I provided psychiatric care and treatment to individuals incarcerated at the Allegan County Jail. I provided this service for approximately twelve years.
>
> 2. I do not now, nor ever had, an office at the Allegan County Jail. Until March 2015, my office was located at Psychiatric Associates, 1403 60th St SE, Grand Rapids, Ml 49508. To the best of my knowledge, the Allegan County Jail does not accept mail on my behalf. I have never received mail forwarded to my business address from the Allegan County Jail.
>
> 3. On or about August 28, 2014, I met with a colleague from the Allegan County Jail to discuss the next day's patients. My colleague provided me with a packet that was addressed to my attention, but had been mailed to the jail address.

    4.      I signed a form that was included with the paperwork. However, based on my past experiences, I mistakenly believed that I would be receiving additional paperwork within six months, either from the individual named in the paperwork, or from the Court, and until receiving said paperwork, I did not have any affirmative duties.

    5.      To date, I have never received paperwork or other form of communication from an individual identified as Jonathan Meyer, nor anyone associated with Mr. Meyer. On or about September 11, 2015, I was alerted by the captain of the Allegan County jail and the attorney for the jail that negative action may be taken against me by the Court. I immediately contacted my attorney.

Dr. Flentje Aff. (docket no. 166-1). Based on this affidavit, it appears that Dr. Flentje's failure to file a timely answer was the result of a mistake. While it appears that Dr. Flentje was not very attentive to this matter, the Court does not find his default to be willful.

    **2.**      **Plaintiff will not be prejudiced**

Second, plaintiff will not be prejudiced by setting aside the default. It is well established that there is a "strong preference for trials on the merits." *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999). Here, the only prejudice to plaintiff would be a minimal delay in the proceedings. "[D]elay alone is not a sufficient basis for establishing prejudice." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). There is no evidence that plaintiff would suffer any actual prejudice due to the loss of evidence or increased difficulties in discovery if the default was set aside. *See id.* In this regard, this litigation has proceeded at a slow pace due in large part to plaintiff's actions. The Court has spent considerable time sorting out preliminary matters raised in plaintiff's numerous court filings.[1] In addition, the

---

[1] Since moving for entry of default judgment against defendant Dr. Flentje, plaintiff has sent numerous motions and letters to the Court. *See* docket nos. 45, 46, 49, 50, 56, 62, 63, 70, 86, 88, 90, 92, 98, 101, 124, 125, 128, 129, 130, 131, 132, 133, 147, 150, 151, 153, 169, 172, 180, 182, 184, 188, 221 and 224.

Court has yet to resolve initial motions for summary judgment filed by defendants Nelson, Marcules and LaBrie. *See* docket nos. 64 and 104.

### 3. Dr. Flentje has meritorious defenses

Third, Dr. Flentje has established that he has meritorious defenses to plaintiff's claims. Plaintiff has alleged the following causes of action against the doctor: Counts 28, 29 and 30 (deliberate indifference); Counts 31, 33 and 35 (negligence); and Counts 32, 34 and 36 (medical malpractice). Compl. at ¶¶ 222-30, PageID.38-42. Plaintiff seeks $15,000,000.00 against Dr. Flentje arising from three incidents: first, on March 23, 2012, Dr. Flentje met with plaintiff and prescribed him Trazadone; second, on April 17, 2012, Dr. Flentje increased the dosage of this medication, which according to plaintiff, contributed to or caused his heart to stop on July 6, 2012; and, third, on July 27, 2012, the doctor prescribed plaintiff Celexa after plaintiff's cardiac arrest. *Id.* at ¶¶ 105-123, PageID.15-16; ¶¶ 222-30, PageID.38-42.

Dr. Flentje contends that the alleged actions sound in medical malpractice rather than as constitutional claims brought pursuant to 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In addition, Dr. Flentje has asserted defenses to plaintiff's supplemental state law claims (e.g., that the two-year statute of limitations for medical malpractice has expired, that plaintiff did not follow the statutory requirements for bringing a medical malpractice claim, and that even if plaintiff could bring a medical malpractice claim, the doctor has a defense to that claim).

**4.     Conclusion**

Based on this record, Dr. Flentje has established good cause to set aside the default. Accordingly, his motion to set aside the default (docket no. 166) should be granted.

**III.     Plaintiff's motions for entry of default judgment against Dr. Flentje**

As discussed, the Court should set aside the default entered against Dr. Flentje. Because entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b), *Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004), plaintiff's motions for default judgments (docket nos. 42 and 169) should be denied.

**IV.     Recommendation**

For these reasons, I respectfully recommend that defendant Dr. Flentje's motion to set aside the default (docket no. 166) should be **GRANTED** and that plaintiff's motions for a default judgment against Flentje (docket nos. 42 and 169) be **DENIED**.

I further recommend that Dr. Flentje be given 28 days to file an answer or dispositive motion in response to plaintiff's complaint.

Dated: January 25, 2016          /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).