UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN KING MEYER,

    Plaintiff,

v.

JOSEPH NATOLE, *et al.*,

    Defendants.
_____/

CASE NO. 1:14-CV-536

HON. ROBERT J. JONKER

## ORDER ON REPORT AND RECOMMENDATIONS

This matter is before the Court on objections to two Report and Recommendations issued by Magistrate Judge Kent (ECF Nos. 311, 326). The Court has reviewed Magistrate Judge Kent's Report and Recommendations and the parties' objections and responses (ECF Nos. 312, 313, 316-318, 327, 328, 330, 332 - 339). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendations; and the parties objections and responses. This is the decision of the Court.

**BACKGROUND**

Plaintiff was arrested on January 10, 2012 and placed in the Allegan County Jail. He was charged with first degree criminal sexual conduct, a felony offense. (ECF No. 1, PageID.9; ECF No.1-1, PageID.61.) On July 6, 2012, while still being held at the jail, Plaintiff had a cardiac arrest. (ECF No. 1, PageID.15.) Plaintiff claims Defendants Natole, Flentje, and Lance, all of whom provided medical care to him during his stay at the Allegan County Jail, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Plaintiff also contends these defendants were negligent and committed malpractice. In particular, Plaintiff asserts that a psychotropic medication Defendant Flentje prescribed for him, Trazodone, aggravated a rare preexisting heart condition, Long QT Syndrome, and caused his cardiac arrest. Plaintiff also asserts that another psychotropic medication Defendant Flentje prescribed for him, Celexa, endangered his cardiac health. Defendants Natole and Lance seek summary judgment (ECF No. 199), and Defendant Flentje seeks dismissal under Rule 12(b)(6) (ECF No. 302). The Reports and Recommendations of the Magistrate Judge (ECF Nos. 311, 325) now before the Court address the Defendants' motions.

    1.    **MOTION FOR SUMMARY JUDGMENT – DEFENDANTS NATOLE AND LANCE.**

Defendants Natole and Lance seek summary judgment as to all of Plaintiff's claims against them. (ECF No. 199.) The Magistrate Judge recommends granting the motion as to all but the claims of deliberate indifference alleged against Dr. Natole in Count 6 and against LPN Lance in

2

Count 44, both of which concern the prescription of Celexa. (ECF No. 311, PageID.3566-67.) The Magistrate Judge recommends denying summary judgment on these two claims because, in his view, Defendants Natole and Lance did not adequately brief the issue. In their objections, Dr. Natole and LPN Lance point out that the Magistrate Judge's recommendation of summary judgment in favor of Defendants as to the deliberate indifference claims concerning the prescription of Trazodone hinges on the determinations that (1) neither Dr. Natole nor Nurse Lance had authority to start, cancel, or otherwise alter any medications prescribed by Dr. Flentje and (2) Plaintiff failed to establish the subjective component of deliberate indifference on the part of Dr. Natole or Nurse Lance. Defendants argue that the same logic applies to the claims concerning the Celexa prescription and contend they are entitled to summary judgment in their favor on Counts 6 and 44. The Court agrees.

In his objections, Plaintiff disputes the finding that Defendants Natole and Lance lacked authority to start, cancel, or otherwise alter medications Dr. Flentje prescribed. He points out that Dr. Natole discontinued his prescription for Clonidine, which was used to treat his hypertension, on July 4, 2012. (ECF No. 313-PageID.3584.) The record reflects that Dr. Flentje did prescribe Clonidine for Plaintiff at a later point, in late July 2012 (ECF No. 316-4, PageID.3624, ECF No. 316-2, PageID.3616.) Plaintiff cites no record evidence that Dr. Natole altered Dr. Flentje's prescription of Clonidine.

Plaintiff contends that Defendants Natole and Lance testified falsely in this case, but the Court finds no basis for this contention.[1] Plaintiff also asserts that Defendants Natole and Lance

---

[1]Plaintiff moves for sanctions against Defendants Natole and Lance (ECF No. 299), arguing that each of these defendants falsely certified that he or she lacked authority to start, cancel, or otherwise alter medications prescribed by Dr. Flentje. Plaintiff notes that one or both defendants

"were aware of Meyer's family history of heart disease," but even if correct, this is beside the point and does not affect the legal analysis. There is no evidence that Defendants Natole and Lance – or even Plaintiff himself – knew that Plaintiff had Long QT Syndrome, the rare condition that everyone agrees heightened his risk of cardiac arrest while taking Trazodone. The Magistrate Judge correctly found that Plaintiff fails to establish the subjective element of deliberate indifference in any of the claims tied to the Trazodone prescription. Similarly, there is no evidence that Defendant Natole or Lance knew that Celexa presented a health risk for Plaintiff and disregarded such a risk. Plaintiff has not established the subjective element of deliberate indifference in connection with the claims based on the Celexa prescription.

The record reflects that Mr. Meyer received extensive medical attention throughout the period he was held at the Allegan County Jail. At the time of booking, his blood pressure was high, and Dr. Natole promptly prescribed medication to treat the condition. (ECF No. 316-6, PageID.3630.) The medical staff continued to monitor his blood pressure carefully, checking it over 140 times during his months at the jail. Mr. Meyer received psychiatric care from Dr. Flentje. He received care from Dr. Natole for peripheral edema and follow-up blood sugar monitoring from the medical staff. Dr. Natole managed his hypertension medications, adjusting them as necessary. Dr. Natole treated Mr. Meyer for constipation. The prompt and thorough care Mr. Meyer received is the very opposite of deliberate indifference. To the extent any medical error occurred, that is the province of state law malpractice, not deliberate indifference.

---

canceled the Celexa prescription on August 23, 2012. The record reflects that the cancellation occurred on the instruction of the cardiologist and does not support Plaintiff's allegation of false testimony. The Court finds sanctions inappropriate here.

Mr. Meyer's objections do not differentiate between his federal and state law claims. He raises no specific objection to the Magistrate Judge's determination that his state law claims for malpractice subsume his claims of negligence, and he does not challenge the Magistrate Judge's determination that the state law claims must be dismissed for failure to file an affidavit of merit and satisfy the statute of limitations. (ECF No. 311, PageID.3566.) The Court agrees with the Magistrate Judge that the state law claims must be dismissed.

For these reasons and the reasons detailed in the Report and Recommendation, the Court finds Defendants Natole and Lance entitled to summary judgment in their favor.

### 2.    MOTION TO DISMISS – DEFENDANT FLENTJE

Defendant Flentje moves for dismissal of all of Plaintiff's claims against him under Fed. R. Civ. P. 12(b)(6). The Magistrate Judge recommends granting the motion except as to Plaintiff's claims for deliberate indifference related to the Trazodone prescription as alleged in Counts 66, 68, 69, 71, and 72. Defendant Flentje objects to the Report and Recommendation to the extent it recommends denial of the motion to dismiss. In his objections, Defendant Flentje repeats his contention that Plaintiff's Amended Complaint fails to allege facts sufficient to state a plausible claim for relief. Defendant Flentje says dismissal is appropriate because, in his view, Plaintiff failed to allege with specificity that he actually had a condition that made taking Trazodone dangerous; was aware he had such a condition; and communicated to Dr. Flentje that he had such a condition. (ECF No. 330, PageId.3712.) Dr. Flentje would impose an unduly demanding pleading standard. The Magistrate Judge correctly notes that Plaintiff alleges "that Dr. Flentje knew of his pre-existing cardiac condition and that prescribing Trazodone to plaintiff could cause instant death." (ECF No. 325, PageID.3688; ECF No. 301, PageID.3503.) This is sufficient to state a

plausible claim of deliberate indifference, for the reasons stated in the Report and Recommendation. Nothing in Dr. Flentje's objections persuades the Court otherwise. The Court agrees with the Magistrate Judge that Plaintiff bears a difficult burden to prove his claims of deliberate indifference. Dr. Flentje is free, of course, to move for summary judgment.

Plaintiff objects to the Report and Recommendation to the extent it recommends granting the motion to dismiss. Most of his objections point to materials in the record that could, at most, support a claim for medical malpractice, not deliberate indifference. Plaintiff objects to the recommended dismissal of his state law claims against Dr. Flentje. Plaintiff contends that because default entered against Dr. Flentje earlier in the case (ECF No. 25), any attempt to file an affidavit of merit would have been moot, and so he did not have to file such an affidavit. Plaintiff presents no support for this position, and the Court is not aware of any such support. The Magistrate Judge properly found dismissal appropriate as to all but Counts 66, 68, 69, 71, and 72, for the very reasons the Magistrate Judge details in the Report and Recommendation.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge of September 30, 2016 (ECF No. 311) is **APPROVED AND ADOPTED** to the extent consistent with this Order and is **REJECTED** in all other respects.

2. Defendants Natole and Lance's Motion for Summary Judgment (ECF No. 199) is **GRANTED**.

3. Plaintiff's Motion for Sanctions against Defendants Natole and Lance (ECF No. 299) is **DENIED**.

4.  The Report and Recommendation of the Magistrate Judge of December 19, 2016 (ECF No. 326) is **APPROVED AND ADOPTED**.

5.  Defendant Flentje's Motion to Dismiss (ECF No. 302) is **GRANTED** to the extent consistent with this Order and is **DENIED** in all other respects. The case may proceed only as to Counts 66, 68, 69, 71, and 72.


Dated:     March 24, 2017                    /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             CHIEF UNITED STATES DISTRICT JUDGE